1. Did the defendant J. H. Pugh contract and agree to sell and convey to the said plaintiff the timber, rights, and privileges for the sum of $6,000 upon the lands described in the complaint? Answer: Yes.
2. If so, was the purchase price agreed upon to be paid in cash? Answer: No.
3. Did the defendant J. H. Pugh fail and refuse to comply with his said contract and agreement? Answer: Yes.
4. Did the plaintiffs comply with their part of said agreement? Answer: Yes.
5. Was the defendant Wooten the duly authorized agent of his codefendant, Pugh, in the sale of his timber, referred to in the complaint? Answer: Yes.
6. Was it agreed, prior to the execution of the timber deed, or on the date thereof, that the plaintiff should have thirty days in which to pay the same? Answer: Yes. *Page 835 
7. Was it understood and agreed that the plaintiffs were to pay the expenses incurred in the transaction, in addition to the $6,000 for the timber? Answer: Yes.
8. Was the sum of $250 paid to the defendant Wooten by the plaintiff for his services in procuring the execution of said timber deed by his uncle and codefendant? Answer: No.
9. Was the sum of $250 paid to the defendant Wooten without the knowledge or consent of the defendant Pugh? Answer: No.
10. If so, did the defendant Pugh repudiate said contract upon the discovery of said fact? Answer: No.
11. What damages, if any, is the plaintiff entitled to recover of the defendant James H. Pugh? Answer: $1,750.
From the judgment rendered, defendant Pugh appealed.
This case was before the Court at Spring Term, 1916, and is reported in172 N.C. 843, which is referred to for the facts.
On the last trial the issues were submitted as directed in the opinion of this Court.
We have examined the several assignments of error relating to the evidence and to the charge of the court, and we (779) find them to be without merit. The case seems to have been tried strictly in accordance with the former opinion.
No error.